**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

|  |  |
|---|---|
| REFINERY MANAGEMENT, LLC | Civil Action No.: 1:22-cv-00706-TSB |
|  | Judge: Timothy S. Black |
| Plaintiff, |  |
| v. |  |
| CARBON IQ, INC., d/b/a RUMBY, a Delaware Corporation, BENJAMIN CANTEY, as CEO of Carbon, IQ, and individually, and JASON "JAY" GOULD, as a Board Member of Carbon IQ and individually, |  |
| Defendants. |  |

**PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

Pursuant to Federal Rule of Civil Procedure 65(b), Plaintiff Refinery Management, LLC, a Delaware limited liability company ("Plaintiff"), by and through counsel, requests a Temporary Restraining Order against Defendants, Carbon IQ, Inc., d/b/a Rumby ("Rumby"), Benjamin Cantey ("Cantey"), and Jason "Jay" Gould ("Gould," collectively "Defendants"). Plaintiff respectfully requests an order precluding Defendants from utilizing any of Rumby's assets until this Court rules on Plaintiff's Motion for an Appointment of a Receiver. Plaintiff has moved this Court for a receiver in order to protect all remaining funds and assets of Rumby following the fraudulent activities engaged in by Defendants Benjamin Cantey and Jason Gould. A receiver is authorized pursuant to Federal Rule of Civil Procedure 66, 28 U.S.C. § 3103, and O.R.C. § 2735.01 to take possession of a company in order to preserve its assets and/or sell or liquidate a company for the benefit of others.

This Motion is supported by the attached Memorandum in Support and the Verified Complaint. The Plaintiff will submit a proposed order for this Court's convenience.

                Respectfully submitted,

                */s/ Lindsay K. Gerdes*

                Lindsay K. Gerdes (OH #0100896)
                H. Toby Schisler (OH #0068306)
                Chelsea J Chalk (OH #0098056)
                Dinsmore & Shohl, LLP
                255 East 5th Street, Ste 1900
                Cincinnati, OH 45202
                Office: (513) 977-8200
                Fax: (513) 977-8141
                lindsay.gerdes@dinsmore.com
                toby.schisler@dinsmore.com
                chelsea.chalk@dinsmore.com

                *Counsel for Plaintiff Refinery Management, LLC*

**MEMORANDUM IN SUPPORT OF MOTION FOR A TEMPORARY RESTRAINING ORDER**

Plaintiff respectfully submits this Memorandum in Support of its Motion for a Temporary Restraining Order ("TRO") over Defendants Carbon IQ, Inc., d/b/a Rumby ("Rumby"), Benjamin Cantey ("Cantey"), and Jason "Jay" Gould ("Gould," collectively "Defendants"). Plaintiff submits this Motion in conjunction with its Motion for Appointment of a Receiver ("Receiver Motion") for the same reason: to protect funds and assets remaining in Rumby following Defendants' fraudulent activity as outlined in Plaintiff's Verified Complaint for securities fraud (the "Complaint"). For the reasons outlined below, a TRO is critical to maintain the *status quo* and preserve Rumby's remaining funds until a receiver can be appointed.

**I.     BACKGROUND**

As set forth more fully in the Complaint, on August 26, 2022, Plaintiff executed a Simple Agreement for Future Equity ("SAFE investment") with Defendant Benjamin Cantey ("Cantey") to invest in Cantey's start-up company, Rumby. Plaintiff invested $3 million into Rumby through the SAFE investment only to later discover a number of misrepresentations and omissions by Cantey and co-defendant Gould regarding Rumby and the soundness of the investment. Before, during, and after the SAFE investment by Refinery, Cantey and/or Gould falsely assured Refinery that Rumby was experiencing significant growth, was financially sound, and had a pending $20 million Series A investment backed by a reputable institutional investor. Contrary to these fraudulent misrepresentations, Rumby was, in actuality, undercapitalized and faces insolvency with only a few months left of financial viability. Unbeknownst to Refinery, Rumby and Cantey were also named defendants in a pending lawsuit by former Rumby co-founder Justin Boisvert, *see Boisvert, v. Carbon IQ, Inc. et al.*, 2022-CV-3303, ECF No. 19 (C.D. Cal.) (the "Boisvert Litigation), and neither Cantey nor Gould disclosed the pending lawsuit to Refinery prior to its investment. Finally, Plaintiff later learned that Cantey had also misappropriated millions of dollars in investors' funds, including funds from Plaintiff's SAFE investment.

As a result of Defendants' misrepresentations and omissions in relation to the SAFE investment as well as Cantey's fraudulent misappropriation of investor funds, Plaintiff filed its Verified Complaint with this Court. Upon information and belief, Defendants have committed fraud and as a result, Rumby is insolvent or facing insolvency and is unable to continue to manage and maintain its remaining assets. The immediate need for a TRO in this case is, thus, compelling to protect all assets until the Court can rule on Plaintiff's Receiver Motion.

II. **LAW AND ARGUMENT**

Federal Rule of Civil Procedure 65(b) allows a court to issue a TRO without notice to a third party if an affidavit or verified complaint shows the potential for "immediate and irreparable injury, loss, or damage." When a court looks to rule on a motion for injunctive relief, the Sixth Circuit has outlined four relevant factors to consider: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati,* 363 F.3d 427, 432 (6th Cir. 2004) (quoting *Blue Cross & Blue Shield Mut. v. Blue Cross & Blue Shield ASS'71*, 110 F.3d 318, 322 (6th Cir. 1997) (citations omitted)). Courts may weigh the various factors as needed. *See United States v. Edward Rose & Sons,* 384 F.3d 258, 261 (6th Cir. 2004).

As explained in Plaintiff's Receiver Motion, Rumby has been in a state of chaos since October 2022. Rumby has no current company counsel and its sole remaining Board Member has failed to respond to multiple emails from Plaintiff and appears to be taking direction from Gould. Additionally, Gould and his personal counsel have demanded indemnification of his legal fees and threatened litigation against Rumby, the interim CEO who recently resigned as a result of the threats, and prior counsel for Rumby ("Company Counsel"). Following this resignation, on November 18, 2022, Gould was informed by Company Counsel that Gould's company, Gould Ventures LLC ("Gould Ventures"), had the right to designate one director to Rumby. On behalf of Gould Ventures, Gould selected Nicholas DeLuca, an individual (rather than institutional) investor in Rumby, who is now running Rumby. Then on or about

4

November 20, Company Counsel resigned because of Gould's threatening and obstructionist behavior. Company Counsel wrote in part, "It appears that the Company is not taking our advice, and that the Company appears to be effectively controlled by Mr. Gould, and Mr. Gould's counsel has threatened our firm with a lawsuit. And because of that, it is appropriate for [Company Counsel] to resign as counsel." Rumby's assets are quickly diminishing and in an effort to retain what value is left for the Plaintiff and other creditors and shareholders: (1) a receiver should be appointed, and (2) a TRO is needed to preserve funds until that time.

All factors weigh in favor of a TRO in this case. To the first factor, Cantey has already confessed to a series of fraudulent transfers of investor funds into personal accounts, leaving the company with less than three months of capital remaining. To the second, Plaintiff and other similarly situated shareholders and creditors will suffer irreparable injury without the injunction. Rumby's best chance of survival involves an acquisition and there are several interested companies; however, its assets must be preserved until such conversations with prospective buyers take place. Alternatively, a receiver may be able to sell individual assets in order to return funds to Rumby's creditors, but what capital remains will be needed to fund such receivership. Third, the injunction will not cause substantial harm to others; in fact, it will only benefit all parties involved. The TRO will maintain the *status quo* until a receiver can take the necessary actions to make Plaintiff and others whole to the extent possible. Finally, the public interest is served by issuance of the injunction because it would deter others from engaging in the type of fraudulent behavior enacted by Cantey and Gould.

As described above and in the Verified Complaint, Plaintiff has articulated the need for immediate relief to address irreparable injury and explained why notice to Defendants is not practicable. Rumby's early counsel withdrew its representation of Rumby in September 2022, after which Rumby was unrepresented until November when it engaged Company Counsel. However, as explained above, Company Counsel withdrew in late November 2022, leaving Rumby without counsel again. As such, there is no protection of its assets until a receiver can be named. There exists a foreseeable, significant risk that Rumby's assets could be diminished based on the quickly changing and uncertain status of Gould's

demands for indemnification coupled with DeLuca's unfamiliarity and inexperience in any position in Rumby. DeLuca has indicated that he intends to negotiate a deal with Gould to pay his $80,000 in legal fees along with granting Gould "a release from the company." Given that Rumby has not had the opportunity to investigate the legality of Gould's actions during his tenure on the Board, DeLuca's agreement to release him from all claims is reckless, premature, and cannot be in Rumby's best interest at this stage. Nevertheless, Plaintiff's counsel will e-mail a copy of the Verified Complaint and this Motion to Defendants upon the filing of this action, and upon obtaining any Order from this Court, will immediately e-mail a copy of such Order to Defendants' email addresses.

Finally, a surety bond is unnecessary in this case. Surety bonds for TROs are meant to protect the person enjoined from suffering any harm if the party is found to have been wrongfully enjoined. *See* Fed. R. Civ. P. 65. However, the Court has the discretion to set the amount as it deems proper. Fed. R. Civ. P. 65(c). This Court in *Ivory v. United States*, found that a bond is not required when the TRO maintains the *status quo*. 870 F. Supp. 201, 202 (S.D. Ohio 1994) ("Status quo does not pose a risk of monetary loss to Defendant and bond is not required."). As such, no bond in necessary in this case because Plaintiff merely seeks a TRO in order maintain the funds of Rumby until the Court can decide on Plaintiff's Receiver Motion. Defendants will face no burdens or obligations beyond its legal obligations set forth under the order, so no bond should be required.

### III.     CONCLUSION

For the foregoing reasons and authority, the Plaintiff respectfully requests that this Court issue a TRO to maintain and preserve Rumby's assets in order to protect the interests of Plaintiff and all other parties concerned.

Respectfully submitted,

*/s/ Lindsay K. Gerdes*

Lindsay K. Gerdes (OH #0100896)
H. Toby Schisler (OH #0068306)
Chelsea J Chalk (OH #0098056)

6

Dinsmore & Shohl, LLP<br>
255 East 5th Street, Ste 1900<br>
Cincinnati, OH 45202<br>
Office: (513) 977-8200<br>
Fax: (513) 977-8141<br>
lindsay.gerdes@dinsmore.com<br>
toby.schisler@dinsmore.com<br>
chelsea.chalk@dinsmore.com<br>
<br>
*Counsel for Plaintiff Refinery Management, LLC*

**CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that a true and accurate copy of the foregoing was provided to the following parties by electronic mail, accompanied with a copy of the underlying Verified Complaint this 30th day of November, 2022:

**Defendant** Carbon IQ, Inc. (d/b/a Rumby)

c/o Nicholas DeLuca
nicholas@rumby.co
Counsel TBD

**Defendant** Benjamin Cantey

Kevin Tierney
Rittgers & Rittgers
3734 Eastern Avenue
Cincinnati, OH 45226
Phone: 513-334-0473
kevin@rittgers.com

Cole Reynolds
Cole Reynolds Law
19 E. 8th St.
Cincinnati, OH 45202
Phone: 513-480-2653
cole@colereynoldslaw.com

**Defendant** Jason Gould

Joe Carlasare
Amundsen Davis
150 North Michigan Avenue
Suite 3300
Chicago, Illinois 60601
Phone: 312-894-3200
JCarlasare@smithamundsen.com

Zachary Sharpiro
Rains
zack@rains.xyz

Sergio Acosta
Akerman
71 South Wacker Drive
47th Floor
Chicago, IL 60606
Phone: 312-634-5700
sergio.acosta@akerman.com

/s/ *Lindsay K. Gerdes*